# United States Court of Appeals for the Fifth Circuit

No. 20-40045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

Imeh U. Affiah,

*Plaintiff—Appellant*,

*versus*

Texas Southmost College; Lissa Frausto; Mike Shannon,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CV-196

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Imeh Affiah sued Texas Southmost College under Title VII, alleging racial discrimination, hostile work environment, and retaliation. The district court granted summary judgment for the College on all counts. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40045

It is illegal under Title VII for an employer to discharge an employee because of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Under the familiar *McDonnell Douglas* burden shifting analysis, the plaintiff must first make a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If he can, the burden shifts to the defendant to "articulate a legitimate non-discriminatory reason for the adverse employment action." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). Then the burden shifts back to the plaintiff to show the stated reason is "pretextual." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015).

Affiah points to no evidence that can support his claims. Meanwhile, Texas Southmost College's evidence is uncontroverted and insurmountable. The College hired Affiah as a dean for the 2016–17 school year. Within months, nine students and employees filed complaints documenting "detailed instances of unprofessional behavior and harassment."

Affiah told one female student her voice was "sexy," placed his hand on her shoulder, and asked her on a date. He searched the Internet about a professor, then asked if she had a boyfriend and told her he was looking for a Latina woman. He threatened to "call immigration" on a fellow employee. These are on top of staff complaints about Affiah's intimidating and unprofessional conduct. At the district court, Affiah made "no attempt to controvert this evidence, other than conclusory statements that the evidence is fabricated." His appeal here follows the same baseless tack. The College was well justified to place Affiah on administrative leave and decline his contract.

AFFIRMED.